

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00101-CV
_____

VANKELSO BELAFONTE FRIAR, GLENDA FRIAR, AND 2005 DOGAN ST., MARSHALL, TEXAS, Appellants

V.

CITY OF MARSHALL, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 25-0011

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

This is a suit about a dilapidated building located at 2005 Dogan Street in Marshall, Texas (the Property). The City of Marshall sued the Property (in rem) and its owners, Vankelso Belafonte Friar, and Glenda Friar. The City sued to have the building located on the Property destroyed under Chapter 54 of the Texas Local Government Code following violations of several City ordinances pertaining to the condition of the Property. After the Friars answered, they failed to appear for the final hearing. The trial court granted default judgment against them.

The Friars present two issues on appeal: (1) the trial court abused its discretion in proceeding to trial despite the Friars' filing of an emergency motion for continuance, and (2) there was insufficient evidence to support the trial court's judgment against them. Because we find that the trial court did not abuse its discretion in denying the Friars' motion for continuance and the Friars waived their argument regarding sufficiency of the evidence, we affirm the judgment of the trial court.

## I.      Background

At the final hearing, Aleena Sepulvado, the City's code enforcement officer, testified to the conditions of a vacant building on the Property that, beginning in 2022, prompted citations to the Friars regarding 2005 Dogan Street, stating,

> There's no roof. There's windows missing. There were [sic] a section of the fence that has fallen and missing, and the doors at times are unboarded, so it's easy access.

The Friars do not live at 2005 Dogan Street, nor do they live in Marshall. They live in Stafford, Texas. In 2024, the City Attorney, via certified mail, wrote the Friars regarding the

2

outstanding violations at 2005 Dogan Street. The City Attorney advised in his letter that the condition and use of the building at 2005 Dogan Street present "immediate health and safety hazards." He listed numerous code violations, including a violation of a City code against "dangerous buildings or structures which constitute a menace to the health, morals, safety, or general welfare of their occupants or of the general public." He further advised the Friars of the relief the City might seek, including a suit for injunctive relief, if the violations were not cured.

On January 8, 2025, the City sued the Friars (and 2005 Dogan Street, in rem) for violations of City ordinances, seeking civil penalties and injunctive relief. The Friars answered the City's petition on February 3, 2025. On July 24, 2025, the City served the Friars with notice of a trial date scheduled for October 2, 2025.

On September 30, 2025, at 4:57 p.m., the Friars filed an "Emergency" motion for continuance. Their motion urged that Vankelso had a urology surgery scheduled for October 1, and would not be able to attend the October 2, 2025, trial. Attached to the motion was an unsworn declaration of the Friars' counsel attaching two appointment reminders that counsel stated had been forwarded to him by Vankelso.

At the October 2, 2025, trial, neither the Friars nor their counsel appeared. At the outset of the trial, the City stated,

> Let me -- let me also advise the Court, I have been in communication with Mr. Aduboffour, the defendant's [sic] attorney. We had been working toward an agreed judgment, but I never got anything.
>
> I have not agreed to continue the case or delay the matter for any reason, and I do have his phone number if the Court wants to try to reach him. I don't know why he's not here.

3

The trial proceeded. The trial court entered a judgment under the style encompassing both the Friars and 2005 Dogan Street, in rem. The trial court found that "defects and conditions exist to the extent that the life, health, property, and safety of the public are endangered." The trial court also found that the Friars had been given time and opportunity to cure the violations but had failed to do so. The trial court further found that "repair of the building on the Property is not feasible, and there is no probability that the building on the Property can be repaired in a reasonable time." Among other things, the trial court's judgment ordered the Friars to demolish the building at 2005 Dogan Street within thirty days "and remove all debris." Failing that, the trial court's judgment authorized the City to demolish the building and to charge the Friars for the cost of demolition and removal.

The Friars appeal the trial court's judgment.

## II.    Proceeding with Trial

We find no abuse of discretion in the trial court's decision to proceed with trial.

In their first issue, the Friars complain that the trial court proceeded to trial even though they filed an "Emergency Motion for Continuance" informing the trial court that Vankelso "WAS MEDICALLY INCAPACITATED AND COULD NOT PARTICIPATE IN THE TRIAL." The City responds that "[s]ince the Appellants failed to set their motion for continuance for a hearing, and wholly failed to appear at trial in person or through counsel, they obtained no adverse ruling from which to appeal." The City further responds that, even if the motion for continuance were considered to have been presented and ruled upon, the trial court acted within its discretion to deny it. Among other things, the City asserts that the motion for

4

continuance "fail[ed] to clarify who scheduled Appellant's surgery or whether such surgery could be delayed to another time," and "fail[ed] to state why [Vankelso] Friar must necessarily be present at trial or what testimony he could offer to contradict the City of Marshall's claims that 2005 Dogan was a substandard structure."

We review a trial court's denial of a motion for continuance for a clear abuse of discretion. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002); *Hartwell v. Lone Star, PCA*, 528 S.W.3d 750, 757 (Tex. App.—Texarkana 2017, pet. dism'd); *see Raoger Corp. v. Myers*, 711 S.W.3d 206, 209 (Tex. 2025) ("[W]e also conclude that the trial court did not abuse its discretion in denying the claimant's motion for continuance . . . ."). "We will not disturb the trial court's decision unless the record shows a clear abuse of discretion." *Hartwell*, 528 S.W.3d at 757 (citing *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986)). "A trial court 'abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *BMC Software*, 83 S.W.3d at 800 (quoting *Johnson v. Fourth Ct. of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig proceeding)).

It is notable that, on appeal, the Friars offer no explanation of why their counsel failed to appear at trial on October 2, 2025. Even assuming that the motion for continuance was decided on written submission,[1] the face of the motion, especially without argument from counsel, is not sufficient to place the ruling on continuance outside of the trial court's discretion.

We overrule the Friars' first issue.

---

[1]No written request for setting or ruling appears in the record.

5

**III.    The Friars waived their sufficiency issue**

In their second issue, the Friars claim the trial court erred in granting relief against them because the evidence was legally insufficient.

"Our briefing rules instruct that a brief 'contain a clear and concise argument for the contentions made, with appropriate citations to authorities.'" *Lion Copolymer Holdings, LLC v. Lion Polymers, LLC*, 614 S.W.3d 729, 732 (Tex. 2020) (per curiam) (quoting TEX. R. APP. P. 38.1(i)). However, we are to construe briefs "liberally, but reasonably, . . . so that the right to appeal is not lost by waiver." *Id.* (quoting *Horton v. Stovall*, 591 S.W.3d 567, 569 (Tex. 2019) (per curiam)). To that end, we are "to look not simply at the wording of parties' issues, but also the arguments, evidence, and citations relied on by those parties to determine which issues the parties intended to and actually briefed." *Id.* at 733 (citing *St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 214 (Tex. 2020) (per curiam)). Nevertheless, "[a] brief must provide citations or argument and analysis for the contentions[,] and failure to do this can result in waiver." *RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 126 (Tex. 2018) (citing TEX. R. APP. P. 38.1(i), 38.2(a)(1); *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 500 (Tex. 2015)); *see In re T.B.*, 641 S.W.3d 535, 539 (Tex. App.—Waco 2022, pet. denied).

The entirety of the Friars' argument on their sufficiency issue consists of *two sentences* stating that the City bore the burden of proof and it did not meet that burden "because the alleged [P]roperty predated the city code allegedly violated by that [P]roperty." The Friars provide no cites to the record, nor do they cite any authority. Even if we generously interpret their bare-bones statement to be that the Property was somehow "grandfathered in" by having been in

6

existence before the unidentified ordinance was passed, the Friars give no authority for this argument. This argument would require careful consideration because, from the scant argument made, it appears that the Friars' contentions are not limited to the structure at 2005 Dogan Street but would have broad implications regarding the application of the City's ordinances in general. Consequently, while briefing waiver is generally disfavored, this is a situation where a finding of briefing waiver is appropriate.

We overrule the Friars' second issue.

## IV.     Conclusion

We affirm the trial court's judgment.


Jeff Rambin
Justice

Date Submitted:      April 29, 2026
Date Decided:        April 30, 2026